IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-HC-2010-FL

| | |
|---|---|
| RASHEED THOMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ERIK A. HOOKS, ) | |
| ) | |
| Respondent.[1] ) | |

Petitioner petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on respondent's motion for summary judgment (DE 8). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

### BACKGROUND

Petitioner, a state inmate incarcerated at Sampson Correctional Institution, pleaded guilty in the New Hanover County Superior Court to second-degree murder and robbery with a dangerous weapon and was sentenced to 125-162 months imprisonment. (Resp't's App. (DE 10) Exs. 1, 2). Petitioner did not appeal his conviction.

---

[1] Petitioner has named "State of North Carolina" as respondent in this action. (See Pet. (DE 4) at 1). The custodian of the correctional facility in which petitioner is incarcerated is the proper respondent in an action filed pursuant to 28 U.S.C. § 2254. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Respondent represents that Erik A. Hooks ("Hooks"), the Secretary of the North Carolina Department of Public Safety, is the proper respondent in this action. (See Mot. Summ. J. (DE 8) at 1). The court has constructively amended the caption of this order to reflect that Hooks is the respondent in this action, and the Clerk of Court is DIRECTED to change respondent's name in the caption on the docket.

On March 30, 2016, petitioner filed a pro se motion for appropriate relief (MAR) to the New Hanover County Superior Court, alleging that his attorney provided ineffective assistance of counsel and coerced him to accept a plea bargain. (Id. Ex. 4; Resp't's Mem. (DE 11) at 1). The New Hanover County Superior Court dismissed the MAR as frivolous on April 21, 2016. (Resp't's App. (DE 10) Ex. 4 at 3-4). Petitioner filed two pro se certiorari petitions seeking to appeal the denial of his MAR. (Id. Exs. 5 & 6). On August 19, 2016, the North Carolina Court of Appeals summarily denied both petitions. (Id. Exs. 8 & 9).

On January 12, 2017, petitioner filed a pro se ex parte motion for an investigator with this court. The court reviewed the filing and determined petitioner was challenging his state court conviction or sentence pursuant to 28 U.S.C. § 2254, and entered an order directing petitioner to re-file the petition on the appropriate form. Petitioner filed the instant habeas petition on January 30, 2017, alleging that he "plead[ed] guilty through duress . . . actual force and threats." (Pet. (DE 4) at 5). As support for his claim, petitioner states that he received "misadvice [sic] from counsel, an [sic] misrepresentation." (Id.) Petitioner also states that counsel "did not do what I have ask [sic] him to do, by not give [sic] me the preliminary hearing an [sic] I had ask [sic] for an [sic] ex parte motion for an investigator." (Id.)

On June 29, 2017, respondent filed the instant motion for summary judgment arguing that petitioner is not entitled to habeas relief. Petitioner responded to the motion by filing a document titled "affidavit of rescission of contract/plea agreement."

**DISCUSSION**

A.      Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies

3

the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

B.      Analysis

Petitioner alleges that he received ineffective assistance of trial counsel because counsel coerced him into pleading guilty, did not request a "preliminary hearing" and failed to request an investigator. (Pet. (DE 4) at 5).

To state a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. Id. at 688. This court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of

4

reasonable professional assistance." Id. For the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner's conclusory claims that his guilty plea was coerced by counsel's deficient representation or unspecified "misrepresentations" are belied by the sworn affirmations petitioner made in open court at his plea hearing. The record reflects that petitioner testified at his plea hearing that he discussed his case fully with his lawyer, that his lawyer explained the nature of the charges, each element of the offenses, as well as possible defenses. (See Resp't's App. (DE 10) Ex. 1 at 2). Petitioner testified that he was satisfied with his attorney's services, and that he was entering his plea of his own free will without any undue outside influence. (Id. at 2, 4). He also agreed that no person made any promises or threatened him in any way to cause him to enter the plea against his wishes. (Id. at 4). Petitioner further testified that he had an 11th grade education, and he was not under the influence of alcohol, drugs, narcotics, medicines, pills, or any other substances. (Id. at 2). Petitioner agreed that "there are facts to support your plea." (Id. at 4). Additionally, petitioner's plea agreement informed petitioner that he would be sentenced as follows:

> Upon Def's plea of guilty to [second] degree murder and [robbery with a dangerous weapon], Def will receive an active sentence for these offenses consolidated of 125 to 162 months.

(Id.) In exchange, the state agreed to dismiss petitioner's charges of conspiracy to commit robbery with a dangerous weapon and discharging a firearm into an occupied motor vehicle inflicting serious bodily injury. (Id. at 5). After listening to petitioner's response to the guilty plea colloquy in open court and observing petitioner's demeanor, the trial court judge found as a fact that petitioner was

competent to stand trial. (Id.) Petitioner was subsequently sentenced to 125 to 162 months imprisonment, pursuant to the terms of the plea agreement. (Resp't's App. (DE 10) Ex. 2).

Absent extraordinary circumstances, these solemn in-court representations should be deemed conclusive. Via v. Superintendent, Powhatan Corr. Ctr., 643 F.2d 167, 171 (4th Cir. 1981); see also Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); Little v. Allsbrook, 731 F.2d 238, 239 n.2 (4th Cir. 1984). Petitioner has presented no evidence of "extraordinary circumstances" that would justify disregarding the sworn affirmations he made in open court. Petitioner's sworn statements that he was not coerced into pleading guilty, that he was satisfied with his counsel's services, and that he understood fully the nature of the charges and his potential sentence are thus deemed conclusive.

Petitioner further has not presented any evidence to demonstrate that his counsel coerced him into pleading guilty, provided constitutionally deficient representation by advising him to accept the plea agreement, or failed to disclose any terms of the plea agreement. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), overruled on other grounds by, Yeatts v. Angelone, 166 F.3d 255 (1999); see also Blackledge, 431 U.S. at 74 ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). On this record, petitioner's sworn affirmations at the plea hearing bar his conclusory claims that counsel was ineffective by advising him to accept the plea agreement or that he was otherwise coerced into pleading guilty. Thus, the state court's denial of his MAR on these grounds was not contrary to clearly established federal law.

In addition, petitioner's claims that his counsel failed to hire an investigator on his behalf and failed to request an unspecified "preliminary hearing" are also barred by his guilty plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) (stating that a voluntary guilty plea normally forecloses an attack based on any antecedent, non-jurisdictional errors).

Accordingly, petitioner is not entitled to federal habeas relief, and the court GRANTS respondent's motion for summary judgment.

B.     Certificate of Appealability

The court now determines whether petitioner is entitled to a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, "the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, __U.S.__, 137 S. Ct. 759, 773 (2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003)); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate <u>both</u> "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" <u>Rose v. Lee</u>, 252 F.3d 676, 684 (4th Cir. 2001) (quoting <u>Slack</u>, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." <u>Slack</u>, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 8) is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 29th day of March, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge